Auto Zone appeals from a judgment of the Xenia Municipal Court, which ordered it to pay $1,600.07 to Martha Johnson.
The undisputed facts and procedural history are as follows.
In early 1997, Johnson began to experience problems with her car and took it to be evaluated at All-Phase Automotive, f.k.a. Cars Plus (hereinafter collectively referred to as "All-Phase"). The mechanic at All-Phase told Johnson that the engine should be replaced. All-Phase kept the car for approximately one month to make the repair and charged Johnson $1,600.07. The mechanic told Johnson that the new engine installed in her car had been purchased from Auto Zone.
Following All-Phase's repairs, Johnson continued to have problems with the car. When she became frustrated with All-Phase's handling of the matter and suspicious because the "new" engine's problems were similar to the "old" engine's problems, she took the car to C C Automotive. The mechanic at C C Automotive told Johnson that her continued problems with the car were the result of improper installation of the engine.
Johnson also called Auto Zone to ask for the serial number of the engine purchased for her car. Auto Zone told Johnson that the engine it had recently sold to All-Phase had not been issued with a serial number and, upon inspection, Auto Zone employees were unable to determine whether the engine in Johnson's car had been supplied by Auto Zone. As a result, Johnson was unable to determine whether All-Phase had, in fact, replaced her engine.
Johnson filed a complaint against All-Phase and Auto Zone seeking to recover the cost of the repairs done by All-Phase. All-Phase did not appear before the court. Johnson, her husband, and a representative of Auto Zone testified at the hearing. Following the hearing, the trial court awarded Johnson $1600.07, plus costs, against All-Phase and Auto Zone, jointly and severally. The judgment against Auto Zone was based upon the trial court's "great concern" that the engine sold by Auto Zone had not been affixed with a serial number, making any warranty on the engine difficult to enforce.
Auto Zone asserts one assignment of error on appeal.
 THE TRIAL COURT ERRED IN FINDING APPELLANT, AUTO ZONE, LEGALLY LIABLE FOR BREACH OF WARRANTY WHERE THE PLAINTIFF/APPELLEE FAILED TO PRESENT ANY EVIDENCE THAT THE PRODUCT ALLEGEDLY MANUFACTURED BY AUTO ZONE WAS DEFECTIVE AND FAILED TO DEMONSTRATE THAT ANY ALLEGED DEFECT WAS THE PROXIMATE CAUSE OF HER ECONOMIC LOSS.
Auto Zone contends that the trial court erred in awarding damages against it because Johnson had failed to prove that the engine sold by Auto Zone was defective or that any defect in the engine was the proximate cause of the problems with Johnson's car.
The only evidence offered at trial about the cause of Johnson's car problems following All-Phase's work on it was Johnson's testimony that the mechanic at C C Automotive had attributed the problems to improper installation of the engine. Although Johnson testified that her car still was not running properly, no evidence was presented that the engine itself did not work, and the trial court did not find that there had been any defect in the engine. As such, the evidence did not support a finding that Auto Zone had sold All-Phase a defective engine or that Johnson had been damaged by the installation of a defective Auto Zone engine. Although the evidence created a factual issue as to whether All-Phase had put the Auto Zone engine into Johnson's car, the trial court did not resolve this issue.
The trial court's basis for imposing liability on Auto Zone was Auto Zone's failure to mark its engine with a serial number. Johnson presented evidence that the engine sold to All-Phase by Auto Zone lacked a serial number and any other identifying information that would have enabled her to determine whether the engine in the car after All-Phase's repairs was a new engine or the old engine. The trial court found Auto Zone liable on this basis, finding that "it would be unjust for Auto Zone not to be liable for their [sic] failure to protect this consumer from a fraudulent scheme by their [sic] failure to record the engine number."
The trial court cited no authority for imposing a duty upon Auto Zone to mark its products or to protect Johnson from the misdeeds of others, and we are aware of none. Absent such a duty, there was no basis for the trial court's statement that Auto Zone's failure to mark its engine rendered its warranty "a meaningless and deceptive gesture." Although we realize that Auto Zone's failure to mark its engine made it difficult for Johnson to make her case against All-Phase, Auto Zone was not shown to have had any duty to mark its products or to have breached any duty to Johnson. Moreover, on the evidence of record, any perceived difficulty that Johnson might have had enforcing a warranty on the engine due to the absence of a serial number was immaterial where, as here, no breach of warranty, i.e., defect, had been demonstrated. Under these circumstances, the trial court's imposition of liability on Auto Zone was arbitrary. The trial court thus erred in ordering Auto Zone to pay damages to Johnson when she had not established that Auto Zone's merchandise was defective, that Auto Zone's engine was the proximate cause of her damages, or that Auto Zone had owed a duty to her.
On the evidence of record, Johnson's proper recourse was against All-Phase, and our decision regarding Auto Zone's liability does not disturb the trial court's judgment against All-Phase.
The assignment of error is sustained.
The judgment of the trial court as to Auto Zone will be reversed.
YOUNG, P.J. and BROGAN, J., concur.
Copies mailed to:
Martha L. Johnson
Steven A. Davis
Christina L. Corl
Hon. Susan L. Goldie